# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY DiGIGLIO**, *et al.*, : | |
| Plaintiffs, : | |
| : | |
| v. : | **CIVIL ACTION NO. 17-1039** |
| : | |
| **U.S. XPRESS, INC.**, *et al.*, : | |
| Defendants. : | |

## MEMORANDUM OPINION

Rufe, J.                                                                                                                           February 5, 2018

Plaintiffs Anthony DiGiglio and Dorson Hess bring this action against their former employer, Defendant U.S. Xpress Enterprises, Inc., another company, Pratt (Corrugated Logistics), LLC, and certain employees of the two companies, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") in connection with their commercial trucking operation. Defendants moved to dismiss, arguing first that Plaintiffs failed to establish standing, and second that Plaintiffs failed to plausibly state a claim for relief under the civil RICO statute. For the reasons that follow, the motions to dismiss will be granted.

## I. BACKGROUND

The amended complaint alleges the following facts, which are assumed to be true for purposes of the motion to dismiss. Defendant U.S. Xpress provides trucking services throughout the United States. Plaintiffs worked as commercial truck drivers for U.S. Xpress for roughly eighteen months and six months, respectively. During the course of their employment with U.S. Xpress, Plaintiffs transported products from an outsourced job site located at Defendant Pratt's facility in Macungie, Pennsylvania. Plaintiffs worked with the following individual Defendants at U.S. Xpress: Wayne Osborne, David Tomsheck, Donita Kemerer,[1] and Christine "Doe."

---

[1] The Court notes that at the time U.S. Xpress filed its motion to dismiss, Osborne, Tomsheck, and Kemerer may not have been properly served with the complaint or amended complaint. However, to the extent that Plaintiffs were

Plaintiff also interacted with Defendants Fayedra Powell and Christian Westgate, who worked as shipping managers for Pratt at the time of the incidents alleged in the amended complaint.

Plaintiffs allege that during their employment with U.S. Express, they were "repeatedly encouraged and effectively forced" to violate Department of Transportation ("DOT") regulations in an effort to increase revenues for the company.[2] For example, Plaintiffs allege that they were encouraged to underreport driving hours to the DOT so that they could work longer hours on the road. Plaintiffs also witnessed U.S. Xpress cut corners by failing to weigh trucks, conduct inspections, and repair faulty equipment, in an effort to make deliveries faster.[3] This conduct continued when U.S. Xpress made false reports to the federal, state, and local governments and wrongfully avoided payment of appropriate taxes and highway tolls, which according to Plaintiffs constitutes mail and wire fraud.[4] Plaintiffs allege that each violation "was designed to save . . . U.S. Xpress money and avoid the payment of . . . fines," despite putting its employees and others in danger.[5]

Plaintiffs complained about the lack of compliance with DOT regulations, but rather than change its practices, Defendants threatened to give Plaintiffs fewer driving assignments, to put Plaintiffs on medical leave without pay, and to not provide Plaintiffs accommodations while on the road.[6] Plaintiffs allege that they were physically and emotionally harmed from these threats,

---

able to cure any service deficiency since this filing, the motion would be read as being brought on behalf of these individual defendants as well. In any event, the Court finds that for the same reasons set forth in this memorandum opinion, the RICO claim against these individual defendants will be dismissed.

[2] Am. Compl. at ¶ 18.

[3] *Id.* at ¶¶ 18, 26, 28.

[4] *Id.* at ¶ 21.

[5] *Id.* at ¶ 28.

[6] *Id.* at ¶ 18.

and were eventually given fewer work assignments.[7] After failing to secure enough work, Plaintiffs resigned. Plaintiffs bring this action asserting a sole civil RICO claim against all Defendants. Defendants moved to dismiss the amended complaint in its entirety, arguing that Plaintiffs failed to establish standing to bring the RICO claim, and failed to plausibly state a claim for relief under the civil RICO statute.

**II. STANDARD OF REVIEW**

Dismissal for failure to state a claim is appropriate if the complaint fails to allege facts sufficient to establish a plausible entitlement to relief.[8] In evaluating Defendant's motion, the Court "take[s] as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them," but "disregard[s] legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements."[9] Instead, to prevent dismissal, a complaint must "set out sufficient factual matter to show that the claim is facially plausible."[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

**III. ANALYSIS**

**A. Plaintiffs Lack Standing to Bring a Civil RICO Claim**

Defendants first argue that Plaintiffs lack standing to assert a civil RICO claim.[12] To have standing under RICO, a plaintiff must show (1) that his business or property was injured (2)

---

[7] *Id.* at ¶ 48.

[8] *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

[9] *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

[10] *Fowler*, 578 F.3d at 210 (citation and internal quotation marks omitted).

[11] *Santiago*, 629 F.3d at 128 (citation and internal quotation marks omitted).

[12] 18 U.S.C. § 1964(c). Civil RICO standing is usually viewed as a Federal Rule of Civil Procedure 12(b)(6) question of stating an actionable claim, rather than as a Rule 12(b)(1) question of subject matter jurisdiction. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 481 n.7 (3d Cir. 2000).

by reason of a violation of the racketeering statute.[13]

The United States Supreme Court shed light on the "by reason of" prong in holding that a plaintiff must sufficiently allege that the defendant's RICO violation was not only a 'but for' cause of this injury, but also that it was the proximate cause.[14] In fact, "the less direct an injury is, the more difficult it becomes to ascertain the amount of a plaintiff's damages attributable to the violation, as distinct from other, independent, factors."[15] Moreover, an "injury caused by an overt act that is not an act of racketeering or otherwise wrongful under RICO . . . . is not sufficient to give rise to a cause of action under § 1964(c) for a violation of § 1962(d)."[16] In other words, the plaintiff must allege that he was injured by "'an act that is independently wrongful under RICO,' and not merely by a non-racketeering act in furtherance of a broader RICO conspiracy."[17]

In this case, Plaintiffs allege they were constructively terminated from U.S. Xpress after complaining about the perceived DOT violations and refusing to engage in this activity. Courts have consistently found, however, that in order for a plaintiff to assert standing, a defendant's RICO violation must have caused the plaintiff's injury, including termination of employment.[18]

---

[13] *Anderson v. Ayling*, 396 F.3d 265, 269 (3d Cir. 2005).

[14] *Holmes v. Secs. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992) (RICO requires a showing of proximate cause, which demands a "direct relation between the injury asserted and the injurious conduct alleged").

[15] *Id.* at 269.

[16] *Beck v. Prupis*, 529 U.S. 494, 505 (2000).

[17] *Anderson*, 396 F.3d at 269 (quoting *Beck*, 529 U.S. at 505-06).

[18] *See id.* at 269-70 (finding that terminated plaintiffs who opposed the imposition of an emergency trusteeship did not have standing to bring a § 1962(c) claim because the terminations did not occur "by reason of" the RICO violations); *Shearin v. E.F. Hutton Group*, 885 F.2d 1162, 1167-68 (3d Cir. 1989) (finding that a terminated whistleblowing plaintiff did not have standing to bring a § 1962(c) claim based on the RICO violations she disclosed because the injury of termination is not proximately related to a RICO violation), *abrogated in other part by Beck*, 529 U.S. 494; *Baglio v. Baska*, 940 F.Supp. 819, 835 (W.D. Pa. 1996) (citation omitted) (concluding that a doctor who was terminated failed to establish standing to bring a RICO claim because he failed to show that he was the target of the defendant's fraudulent acts, and explaining that "[a] plaintiff does not have standing to sue for a violation of Section 1962(c) where the injury consists of termination from employment for failure to cooperate with the employer's racketeering activity"), *aff'd*, 116 F.3d 467 (3d Cir. 1997).

In other words, a plaintiff fired for complaining about or reporting allegedly illegal acts cannot bring a RICO claim; the plaintiff must be a direct victim of an act of racketeering.[19]

Accepting all allegations as true and viewing the amended complaint in the light most favorable to Plaintiffs, their terminations were at most "non-racketeering act[s] in furtherance of a broader RICO conspiracy,"[20] and were not acts that are independently wrongful under the civil RICO statute. According to the amended complaint, the victims of the purported mail and wire fraud were federal, state, and local governments, not Plaintiffs. Thus, in the absence of this proximate cause, Plaintiffs' terminations do not create standing for a civil RICO claim.[21]

### B. Plaintiffs Failed to Plausibly State a Civil RICO Claim

Defendants also argue Plaintiffs failed to plausibly allege a civil RICO claim. To state a civil RICO claim, "a plaintiff must allege four elements: (1) the existence of an enterprise affecting interstate commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, either directly or indirectly, in the conduct or the affairs of the enterprise; and (4) that the defendant participated through a pattern of racketeering activity that included at least two racketeering acts."[22]

Even if Plaintiffs had standing to bring a RICO claim, the claim would fail because the

---

[19] For example, in *Beck*, the president of an insurance company was terminated after reporting to authorities that some directors of the company were engaging in financial fraud. *Beck*, 529 U.S. 494, 505-06. Although the plaintiff in *Beck* argued that his termination was an overt act of the RICO conspiracy and therefore gave rise to a cause of action, the Supreme Court disagreed, finding that only a direct Section 1962 act of racketeering could serve as a predicate for a civil RICO claim. *Id.*

[20] *Anderson*, 396 F.3d at 268.

[21] In addition, Plaintiffs' alleged injuries of physical and emotional harm from Defendants' threats are not sufficient to create standing. Like the terminations, the physical and emotional harm from threats were not proximately caused by the RICO violations. Thus, these injuries are also insufficient to confer standing to Plaintiffs.

[22] *Jersey Asparagus Farms, Inc. v. Rutgers Univ.*, 803 F. Supp. 2d 295, 315 (D.N.J. 2011) (citation omitted); *see also* 18 U.S.C. § 1962(c) ("It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.").

facts alleged are insufficient to state a plausible claim. Plaintiffs have not adequately pleaded predicate acts of racketeering. A RICO plaintiff must cite predicate acts which are specifically enumerated in 18 U.S.C. § 1961, and acts such as wire fraud and mail fraud, must be pleaded with particularity as required by Federal Rule of Civil Procedure 9(b).[23] "In the context of RICO mail fraud allegations, this means that the complaint must identify the purpose of the mailing within the defendant's fraudulent scheme and specify the fraudulent statement, the time, place, and speaker and content of the alleged misrepresentation."[24] "Put another way, the 'who, what, when and where details of the alleged fraud' are required."[25] Plaintiffs allege that the evidence they "will provide in discovery will detail the extent of violations" and that "[t]he cumulative effect of [Defendants'] actions and omissions resulted in Defendants mailing and wiring fraudulent statements."[26] But Plaintiffs must comply with Rule 9(b) before there can be discovery. Because Plaintiffs have not clearly identified the details of the alleged fraudulent transactions, such as the specific time, place, and contents of the alleged fraud, or how the transactions were false and misleading, the RICO claim fails on this basis as well.

## IV. AMENDMENT OF THE AMENDED COMPLAINT

Plaintiffs will not be granted further leave to amend the amended complaint. Plaintiffs amended once, as of right, after Defendants' initial motion to dismiss, and have not explained how further amendment would cure the deficiencies identified above. Federal Rule of Civil Procedure 15(a) provides that the Court "should freely give leave to amend when justice so

---

[23] Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

[24] *Bonavitacola Elec. Contractor, Inc. v. Boro Developers, Inc.*, 87 F. App'x. 227, 231 (3d Cir. 2003) (citation and internal quotation marks omitted).

[25] *Id.* (citation omitted).

[26] Am. Compl. at ¶ 50.

6

requires."[27] Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.[28] "[A] district court need not grant leave to amend if 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'"[29] Further amendment would be futile because it will not cure Plaintiff's fatal defect with standing, which is required to assert a RICO claim.[30]

## V. CONCLUSION

For the reasons set forth above, the motions to dismiss will be granted. An appropriate order follows.

---

[27] Fed. R. Civ. P. 15(a).

[28] *In re Burlington Securities Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997).

[29] *Kundratic v. Thomas*, 407 F. App'x 625, 630 (3d Cir. 2011) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

[30] Moreover, Plaintiffs have previously amended the complaint after being put on notice of the standing issue, and were not able to overcome this flaw. *Kundratic*, 407 F. App'x at 630.